# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) | |
| CLAUDIANA BATISTA SANTIAGO, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 25-13975-FDS |
| ) | |
| PATRICIA HYDE, et al., ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

### MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

SAYLOR, J.

This is a habeas petition that concerns the government's authority to hold a non-citizen pending removal proceedings. Petitioner Claudiana Batista Santiago is a citizen of Brazil who applied for admission into the United States in 2018. She was released into the country on her own recognizance under 8 U.S.C. § 1226 and issued a Notice to Appear for removal proceedings under 8 U.S.C. § 1229a. She has resided in Massachusetts since.

On December 23, 2025, petitioner was taken into ICE custody pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b). She contends that her continued detention without an individualized custody-determination hearing violates her procedural due-process right, is not authorized by statute, and violates the Administrative Procedure Act. She seeks immediate release or, in the alternative, an individualized custody hearing.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts. Nonetheless, and for the reasons that follow, the Court agrees that petitioner is being detained without lawful

authority, and therefore will order that she be granted a bond hearing before an immigration judge.

I.    **Background**

Claudiana Batista Santiago, a citizen of Brazil, applied for admission into the United States on October 28, 2018, at the Paso Del Norte Port of Entry near El Paso, Texas. (Pet. Writ Habeas Corpus ("Pet.") ¶ 14, Dkt. No. 1; *id.* Ex. A). According to the petition, she was initially processed for expedited removal and credible-fear proceedings. (*Id.* ¶ 14). The next day, DHS issued a Notice to Appear (Form I-862) that placed her in removal proceedings under section 240 of the Immigration and Nationality Act ("INA") (codified at 8 U.S.C. § 1229a) in Boston, Massachusetts. (*Id.* ¶ 15; *id.* Ex. A). On October 31, 2018, DHS released her on her own recognizance (Form I-220A) under section 236 of the INA (codified at 8 U.S.C. § 1226). (*Id.* ¶ 15; *id.* Ex. A). In July 2021, DHS issued a superseding Notice to Appear. (*Id.* ¶ 16; *id.* Ex. B). The petition states that it is unclear whether the Notice to Appear was filed with the Immigration Court. (*Id.* ¶ 17). Batista Santiago has continuously resided in Massachusetts since her initial release. (*Id.* ¶ 18).

ICE took Batista Santiago into custody in Massachusetts on December 23, 2025. (*Id.* ¶ 19). She was detained pursuant to 8 U.S.C. § 1225(b) as an "applicant for admission" subject to mandatory detention. (*Id.* ¶ 21). Early on December 24, 2025, she filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time of filing, the ICE Online Detainee Locator system did not provide a physical location for her. (*Id.* ¶ 8; *id.* Ex. C). The petition names Patricia Hyde, the Boston Field Office Director for U.S. Immigration and Customs Enforcement and Removal Operations, as her immediate custodian.

The petition was assigned to this session and, at 12:01 p.m., the Court entered an order staying her transfer outside of the District of Massachassets without advance notice of the intended move.  (Order Concerning Stay Transfer or Removal, Dkt. No. 4).  The Court further ordered respondents to answer or respond to the petition by January 3, 2025.  Respondents were ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), petitioner here was entitled to the same relief.  That petition and order were electronically served to the U.S. Attorney's Office later that afternoon and copies mailed to respondents.

At approximately 12:50 p.m. that same day, without notice to this Court, ICE transferred petitioner by plane out of Massachusetts.  ICE contends that it did so due to lack of bedspace for female detainees in the state.  (Resp't's Notice Inadvertent Transfer, Dkt. No. 6).  Petitioner is currently detained at the South Texas Family Residential Center in Dilley, Texas.  (*Id.*).

On December 31, 2025, respondents responded to the petition.  They "submit[ted] that the legal issues presented in this Petition are similar to those recently addressed by this Court in *De Andrade*" and "[s]hould the Court follow its reasoning in [that case], it would reach the same result here."  (Resp'ts' Resp. Pet., Dkt. No. 7).  They also filed a notice that petitioner had been inadvertently transferred out of the district on December 24th.  (Resp'ts' Notice Inadvertent Transfer).  According to the notice, ICE first became aware of the petition and this Court's order on December 29, 2025.  Respondents requested that if the Court should grant the petition and order a bond hearing, petitioner should attend the bond hearing by video while she remains detained in Texas.

II.   **Analysis**

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of many other courts across the country, *see Rodriguez v. Bostock*, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases), non-citizens who have been released on their own recognizance into the United States under 8 U.S.C. § 1226 are subject to discretionary detention under § 1226(a), not mandatory detention under § 1225(b).  Because petitioner has already entered and resides in the United States, she is not an "applicant for admission" under § 1225, and her detention under that provision is in violation of law.  *See* 28 U.S.C. § 2241.  Furthermore, a § 1226(a) detainee is entitled to a hearing in which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk."  *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that federal regulation requires § 1226(a) detainees "receive bond hearings at the outset of detention" (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Therefore, and because respondents have not offered another authority for petitioner's detention, the Court will grant the petition and order respondents to promptly provide petitioner with an individualized bond hearing pursuant to *Hernandez-Lara v. Lyons*.  Accordingly, at this stage, the Court does not reach petitioner's claims under the Administrative Procedure Act.

That leaves petitioner's transfer out of Massachusetts.  Respondents do not dispute that she was detained within the District of Massachusetts at the time of the petition's filing, nor have they objected to respondent Hyde being characterized as petitioner's immediate custodian at that time.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a

habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." (restating the holding of *Ex parte Endo*, 323 U.S. 283 (1944))).  The Court will therefore order respondents to either return petitioner to Massachusetts or waive any objections to the jurisdiction or authority of the Court to issue the writ, notwithstanding the transfer of petitioner to Texas.

III.    **Conclusion and Order**

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.  Respondents are hereby ORDERED to either release petitioner or provide her a constitutionally-adequate bond hearing pursuant to *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021) no later than January 14, 2025.  In addition, they are further ORDERED to either return petitioner to Massachusetts for her bond hearing or waive any objections to the jurisdiction or authority of the Court to issue the writ notwithstanding petitioner's detention in Texas.

**So Ordered.**

/s/  F. Dennis Saylor IV

F. Dennis Saylor IV

Dated:  January 6, 2026                   United States District Court Judge